IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT BOGGS,
                    Plaintiff,

v.                                              **CIVIL NO. 3:14-CV-03117-P-BK**

CAROLYN COLVIN,
**Acting Commissioner of the Social**
**Security Administration,**
                    Defendant.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for Findings, Conclusions, and Recommendation on the parties' cross motions for summary judgment. For the reasons that follow, it is recommended that Plaintiff's *Motion for Summary Judgment*, Doc. 11, be **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 15, be **DENIED**, and the Commissioner's decision be **REVERSED AND REMANDED**.

## I. BACKGROUND[1]

### A.    Procedural History

Plaintiff filed an application for disability insurance benefits in November 2009, alleging a disability onset date of November 2008. Doc. 7-6 at 2-6. His application was denied at all administrative levels, and he now appeals to the United States District Court pursuant to 42 U.S.C. § 405(g). Doc. 7-3 at 2-4, 16-30; Doc. 7-4 at 3-6; Doc. 7-11 at 25-26.

---

[1] The following background comes from the transcript of the administrative proceedings, which can be found at Doc. 7.

B.      **Facts**

Plaintiff was born on August 29, 1962, and was 46 years of age on his alleged onset date.

Doc. 7-3 at 86.  He has a high school education plus one year of college and previously worked

as a branch manager, construction supervisor, and sales contractor manager.  Doc. 7-3 at 28, 103;

Doc. 7-7 at 31.  He last worked for the same employer since 1994, with his last position being

divisional vice president.  Doc. 7-3 at 47-48.

Plaintiff had a long history of neck, low back, and leg pain prior to his disability onset

date, during which he had various procedures performed such as a cervical fusion, fusion at L5-

S1, discectomy, epidural steroid and other types of injections, and placement of an artificial disc

in his back.  Doc. 7-8 at 3, 8, 12, 39-40, 94; Doc. 7-9 at 31, 33, 35, 46; Doc. 7-10 at 3, 7, 26-27;

Doc. 7-10 at 69, 83-84, 93-94, 115-18.  He also complained of numbness and tingling in both

hands, diagnosed as carpal tunnel syndrome, for which he used wrist splints and pain medication.

Doc. 7-8 at 42-43.  In November 2009, Plaintiff visited a prior treating physician, Dr. Robert

Viere, and reported increased neck pain that radiated into his left shoulder and a popping

sensation in his lower back.  Doc. 7-9 at 21.  An examination showed symmetrical strength from

side to side in the upper extremities, intact pinprick sensation, and equal grip strength, but also

decreased range of motion in his upper extremities and neck, and pain in the left shoulder blade,

although there was no nerve impingement or other negative neurological findings.  Doc. 7-9 at

18, 21.

In May 2012, Plaintiff presented to a physician's assistant complaining of increasing

neck and left upper shoulder pain as well as stabbing pain in his low back.  Doc. 7-12 at 29-30.

Shortly thereafter, additional neck and low back MRIs showed that Plaintiff suffered from mild

multilevel spondylosis throughout the low back with no evidence of disc herniation, and disc

degeneration and mild spondylosis in the cervical fusion spine with no spinal canal stenosis or high-grade foraminal stenosis.  Doc. 7-12 at 25-27, 33.  At a follow-up visit with Dr. Viere, Plaintiff reported that he was in constant pain, and his neck pain was at 7/10 and low back pain at 6/10 on a ten point pain scale.  Doc. 7-12 at 32.  He exhibited large trigger points in both trapezius, impingement on the left shoulder, pain in his lower back on abduction and external rotation, limited range of movement, decreased strength in his bicep and tricep on the left, and decreased pinprick sensation below the knee on the left.  Doc. 7-12 at 32.

C.      **The ALJ's Findings**

In April 2013, the ALJ denied Plaintiff's disability claim.  The ALJ found at step one of the sequential evaluation process that Plaintiff had not performed substantial gainful activity since the alleged onset date of his disability.  Doc. 7-3 at 21.  The ALJ found at step two that Plaintiff had the severe impairments of cervical and lumbar disc disease, chronic obstructive pulmonary disease, carpal tunnel syndrome, status post colon surgery, depression, and poly-substance use in remission.  Doc. 7-3 at 21.  However, at step three, the ALJ determined that none of Plaintiff's impairments met or equaled a listed impairment.  Doc. 7-3 at 22.  The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform a wide range of sedentary work, including sitting for six hours in an eight-hour workday, standing/walking for two hours, no overhead reaching, frequent handling/fingering, and the ability to handle detailed but not complex instructions.  Doc. 7-3 at 23-24.  The ALJ, based on a vocational expert's testimony, found at step four that Plaintiff could not return to his past work, but pursuant to step five, he could transfer his skills to other work in the national economy.  Doc. 7-3 at 28.  The ALJ thus concluded that Plaintiff was not disabled.  Doc. 7-3 at 29-30.

D.      **The Appeals Council**

Plaintiff submitted new evidence to the Appeals Council after the ALJ declined to reopen his claim based on the evidence.  The new evidence consisted of a May 2013 written opinion from Dr. Viere about Plaintiff's limitations.  Doc. 7-12 at 35-38.  Dr. Viere summarized Plaintiff's relevant medical history as well as the doctor's significant findings and explained that additional surgery was not a feasible for Plaintiff because of the number of disc levels involved. Doc. 7-12 at 35-36.  Further, Dr. Viere explained that the degenerative changes and instability in his spine contributed to Plaintiff's chronic and sharp pain.  Doc. 7-12 at 36.  Additionally, Dr. Viere did not believe narcotic medication, even if it could be used, would significantly change the pain severity.  Doc. 7-12 at 36.  Dr. Viere opined that Plaintiff had been "significantly limited" by his conditions, especially by his pain.  Doc. 7-12 at 36.  Dr. Viere stated that Plaintiff's condition was permanent and he could only provide palliative care for the pain.  Doc. 7-12 at 37.

Dr. Viere stated that Plaintiff's low back pain would not allow him to be on his feet for significant periods of time or to stay in static positions, so the doctor recommended that he change his positions frequently throughout the day, including periods of time when he could lie down.  Doc. 7-12 at 36.  The doctor opined that Plaintiff could stand and walk no more than one hour in an eight-hour workday for no more than 15 minutes at a time, and he could sit for less than six hours in an eight-hour workday for up to 30-45 minutes at a time.  Doc. 7-12 at 35-36. Dr. Viere noted that Plaintiff's bilateral arm/hand numbness and parasthesias as well as neck pain would limit the use of his arms and hands and ability to keyboard, and frequent use of a computer monitor would increase his neck pain.  Doc. 7-12 at 36.  The doctor also opined that the severity of Plaintiff's pain would often interfere with his ability to concentrate and complete

tasks.  Doc. 7-12 at 36.  Last, he expected that Plaintiff would miss three or more days of work a month secondary to his pain.  Doc. 7-12 at 36.

H. Steven Carter, a vocational evaluation specialist, reviewed the limitations set by Dr. Viere and concluded that Plaintiff was incapable of performing any work at either the sedentary or light exertion levels.  Doc. 7-7 at 95-96.  The Appeals Council recognized the new evidence that Plaintiff submitted, but denied review, finding that the new evidence did not provide a basis for changing the ALJ's decision.  Doc. 7-3 at 2-3.

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C. § 423(d)(1)(A).  In order to qualify for a period of disability and DIB, a claimant must prove that his disability began on or before the date his insured status expired.  *See* 42 U.S.C. §§ 423(a), (c); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); 20 C.F.R. § 404.131.

The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled:  (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity (RFC) must be

considered to determine if any other work can be performed.  *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled.  *Id.*  If the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence.  *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence.  *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion.  *Leggett*, 67 F.3d at 564.  Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present.  *Greenspan*, 38 F.3d at 236.

### III.  ARGUMENT AND ANALYSIS

Plaintiff argues that the Appeals Council erred because it failed to explain its conclusion that Dr. Viere's opinion did not raise a "reasonable possibility" of a different result and did not

accord Dr. Viere's opinion sufficient deference or explain the weight it gave to his opinion. Doc. 12 at 19-23.

Defendant responds that the Appeals Council is not required to provide a detailed discussion about new evidence submitted to it and, in any event, the ALJ's decision is supported by substantial evidence. Doc. 15-1 at 4-6. In particular, Defendant notes that Dr. Viere's opinions as to Plaintiff's limitations are entitled to less weight because they conflict with (1) Plaintiff's statements that, as late as July 2009, he could golf three times a week; (2) other medical evidence in the record noting that Plaintiff had normal gait and station in April 2009 with no joint abnormalities and no sensory deficits; (3) a doctor's note in October 2010 that Plaintiff had a normal gait and station, his pain was under reasonable control with prescription medication, and his joints and extremities were not causing problems; and (4) a May 2012 assessment indicating that, although Plaintiff had a history of joint pain and x-rays showed some disc degeneration at two levels, he had a normal motor and sensory examination, a negative straight leg raise test, and good range of motion. Doc. 15-1 at 6-8. Defendant additionally points out that Dr. Viere's opinion conflicts with some of his own treatment notes which indicate that, in November 2009, Plaintiff had a normal gait and stance and exhibited no neurological deficits. Doc. 15-1 at 7.

Plaintiff replies that Defendant cannot rehabilitate her failure to properly weigh and consider Dr. Viere's opinion by affirming the Commissioner's decisions based on reasons she did not give in the administrative proceedings. Doc. 16 at 3-4. Additionally, Plaintiff argues that Defendant erred by making her own medical conclusions about whether Plaintiff should demonstrate gait disturbance and neurological deficits as a result of his impairments. Doc. 16 at 4. Plaintiff concludes that any conflicts between Dr. Viere's opinion and other evidence in the

record demonstrates only that the doctor's opinion was not entitled to controlling weight, not that it should be entirely rejected without application of the section 404.1527(c) factors.  Doc. 16 at 6-7.

Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based.  *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir.2005).  "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000). Every medical opinion is evaluated regardless of its source, but the Commissioner generally gives greater weight to opinions from a treating physician.  20 C.F.R. § 404.1527(d).  In fact, when "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," the Commissioner must give such an opinion controlling weight.  *Id.*  Nevertheless, if the evidence supports a contrary conclusion, the opinion of any physician may be rejected.  *Newton*, 209 F.3d at 455.  The opinion of a treating physician cannot be rejected absent good cause that is clearly articulated in the written decision.  *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir.2001).

Based on its internal procedures, the Appeals Council need not provide a detailed discussion about all new evidence submitted to it.  *Higginbotham*, 405 F.3d at 335 n. 1. However, where new medical opinion evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, typically the case should be remanded so that the Commissioner can fully evaluate the treating source statement as required by law.  *See Schaff v. Colvin*, 13-cv-304-BF, 2014 WL 1462153, at *3 (N.D. Tex. 2014) (Stickney, M.J.) (holding that a remand was required where the Appeals Council's summary denial of a request for review

gave no indication that the Council had evaluated the "significant" treating source statement

pursuant to 20 C.F.R. § 404.1527); *Garcia v. Colvin*, No. 13-cv-769-K-BF, 2014 WL 1243678,

at *3 (N.D. Tex. 2014) (Kinkeade, J.) (same); *Martinez ex rel. T.P. v. Colvin*, No. 12-cv-049,

2013 WL 1194234, *4 (N.D. Tex. 2012) (Averitte, M.J.), adopted by 2013 WL 1197743 (N.D.

Tex. 2013); *Collins v. Astrue*, 2012 WL 2358296, *10 (N.D. Tex. 2012) (Toliver, M.J.) (same);

*James v. Astrue*, 2012 WL 920014, *6 (N.D. Tex. 2012) (Kaplan, M.J.) (same); *cf.* SSR 96-5

(providing that adjudicators must weigh medical source under sections 404.1527 and 416.927

and provide "appropriate explanations for accepting or rejecting such opinions").  These

opinions also find support in section 404.1527(f)(3), which requires that when the Appeals

Council makes a decision, it must follow the same rules for considering medical opinion

evidence that ALJs follow.  Finally, "[c]onflicts in the evidence are for the Commissioner and

not the courts to resolve." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

In the case at bar, Dr. Viere's most recent opinion directly contradicts the findings of the

ALJ and the Appeals Council.  Dr. Viere found that, due to his impairments, Plaintiff (1) could

stand and walk no more than one hour in an eight-hour workday and for no more than 15 minutes

at a time; (2) could sit for less than six hours in an eight-hour workday and only for up to 30-45

minutes at a time; (3) had bilateral arm/hand numbness and parasthesias as well as neck pain that

would limit the use of his arms and hands and ability to keyboard, and that frequent use of a

computer monitor would increase his neck pain; (4) had such severe pain that it would often

interfere with his ability to concentrate and complete tasks; and (5) would miss three or more

days of work a month due to his pain.  Doc. 7-12 at 35- 36.

Moreover, Defendant's argument that Dr. Viere's treatment notes are inconsistent with

his most recent opinion is without basis.  A November 2009 exam conducted by Dr. Viere

showed symmetrical strength from side to side in the upper extremities and equal grip strength, but decreased range of motion, decreased reflexes in his upper and lower extremities, and pain in the left shoulder blade although there was no neurological finding. Doc. 7-9 at 18, 21. At a follow-up visit with Dr. Viere, Plaintiff exhibited large trigger points in both trapezius muscles, impingement on the left shoulder, pain in his lower back on abduction and external rotation, limited range of movement, decreased strength in his bicep and tricep on the left, and decreased pinprick sensation below the knee on the left. Doc. 7-12 at 32.

These findings support Dr. Viere's opinions on Plaintiff's limitations. Plaintiff's ability to stand and walk normally for a relatively short period of time in a doctor's office does not suggest otherwise. Dr. Viere's opinion also finds support in the other medical evidence of record. For example, in May 2012, Plaintiff presented with complaints of increasing neck and left upper shoulder pain as well as stabbing pain in his low back. Doc. 7-12 at 29-30. He was found to be tender on palpation through the left trapezius, and he had trigger points into that side, he had stiff range of movement on the left and with right lateral side bending, and while his straight leg test was negative, it caused discomfort.

Simply put, viewing the evidence as a whole, Dr. Viere's new medical opinion is so inconsistent with the ALJ's and Appeals Council's findings that it significantly undermines the adverse disability determination, which may well lead to a different result on remand. Accordingly, this case must be remanded so that the Commissioner can fully evaluate the treating source statement as required by law. *See Martinez*, 2013 WL 1194234 at *4. If the Commissioner rejects Dr. Viere's opinion, she must clearly articulate good cause for doing so in a written decision. *See Myers*, 238 F.3d at 621.

## IV.  CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's *Motion for Summary Judgment*, Doc. 11, be **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 15, be **DENIED**, and the Commissioner's decision be **REVERSED AND REMANDED**.

SO RECOMMENDED on August 10, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE